IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.                                                                                        Civ. No. 00-563 JP/KBM

PARCEL OF REAL ESTATE LOCATED
AT 62 VALLE HERMOSA ROAD, SANDIA
PARK, NM, ET AL.,

    *Defendant*,

    and

MARCUS HAHN,

    *Claimant*.

MEMORANDUM OPINION AND ORDER

On March 20, 2006, Claimant Marcus Hahn (Hahn) filed a Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(e); or Alternatively Title 28 U.S.C. Section 1331 (Doc. No. 26).[1] Having reviewed the briefs and relevant law, the Court concludes that the motion for return of property should be denied in part and that further briefing is needed to clarify how the Plaintiff United States of America (USA) disposed of certain items of property.

---

[1] In 2002, Rule 41 was reorganized and Rule 41(e) became Rule 41(g) with only stylistic changes. Hahn clearly intends to bring his motion under current Rule 41(g).

A.  Background

On April 19, 2000, the USA filed a Verified Complaint for Forfeiture *In Rem* (Doc. No. 1) to arrest and forfeit Plaintiff's residence under 21 U.S.C. §881(a)(7).[2] On April 25, 2000, the USA filed a *lis pendens* notice (Doc. No. 4) in Bernalillo County, New Mexico regarding this federal lawsuit.  On May 4, 2000, the United States Marshals Service (USMS) personally served the Verified Complaint for Forfeiture *In Rem* upon Hahn at the Bernalillo County Detention Center (BCDC).  Doc. No. 6.   On May 22, 2000, the Honorable Senior District Judge John E. Conway entered an Order for Service by Publication (Doc. No. 7).  Service by publication was made on May 30, 2000; June 6, 2000; June 13, 2000; and June 20, 2000 by publication in the Albuquerque Journal of the Summons and Notice of Arrest and Suit Pending.  *See* Doc. No. 11.

On December 8, 2000, the USA filed a Motion for Partial Default Judgment (Doc. No. 13) and a Praecipe (Doc. No. 15) because Hahn had not answered or otherwise responded to the Verified Complaint for Forfeiture *In Rem*.  The Court entered a Partial Default Judgment (Doc. No. 17) on December 15, 2000, and entered a Final Judgment and Order of Forfeiture (Doc. No. 24) on May 31, 2001.  In addition to this judicial forfeiture lawsuit, the USA brought administrative forfeiture proceedings to obtain ownership of property other than Hahn's residence.

Although Hahn describes his motion for return of property in terms of a motion for summary judgment, Hahn brings the motion for return of property under Rule 41(g), or alternatively, as an independent civil lawsuit. Hahn seeks the return of his residence and the return

---

[2]Section 881(a)(7) subjects to forfeiture real property "which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."

of non-contraband property seized from his residence and storage units during the execution of a search warrant on December 31, 1999.[3] In the alternative to the return of his residence and other property, Plaintiff seeks an award of the "monetary equivalent" of the seized non-contraband property. Hahn bases his motion for return of property on alleged violations of his right to due process.

B. Discussion

    1. Judicial Forfeiture of Hahn's Residence

"[N]either Fed. R. Crim. P. 41[(g)] nor an independent equitable action brought under the guise of Fed. R. Crim. P. 41[(g) is] the appropriate vehicle for seeking the return of the [judicially] forfeited property...." *United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996). However, a claimant can challenge a judicial forfeiture by filing a Fed. R. Civ. P. 60(b) motion for relief from judgment in the federal judicial forfeiture action. *Id*. Since Hahn cannot challenge the judicial forfeiture of his residence by a Rule 41(g) motion or in an independent equitable action, the Court will construe Hahn's request for return of his residence as a Rule 60(b) motion for relief from the May 31, 2001 Final Judgment and Order of Forfeiture.

Hahn argues that he did not receive adequate written notice of the judicial forfeiture of his residence and that this lack of notice violated his right to due process of law. Hahn's notice argument is best analyzed under Rule 60(b)(4) which authorizes the Court to set aside void judgments. A judgment is void "if the court which rendered it ... acted in a manner inconsistent with due process of law." *Arthur Andersen & Co. v. Ohio (In re Four Seasons Secs. Laws*

---

[3]The resulting search led to Hahn's subsequent arrest and federal convictions on criminal charges related to drugs, firearms, and sexual exploitation of minors.

3

*Litig.)*, 502 F.2d 834, 842 (10th Cir. 1974).

Hahn has failed to submit any admissible evidence showing that he was not served with the summons and complaint in the judicial forfeiture action.  All that Hahn has provided is his unsworn and unverified motion for return of property alleging lack of adequate notice.  This is insufficient to justify Rule 60(b)(4) relief from judgment.  *See* 28 U.S.C. §1746 (unsworn statement not made under penalty of perjury does not have the "force and effect" of a sworn statement); D.N.M. LR-Cv 7.5(b)("Movant must submit evidence in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact.").  On the other hand, the record contains admissible evidence that Hahn received notice of the judicial forfeiture action.  Specifically, the USMS personally served Hahn with a copy of the Verified Complaint for Forfeiture *In Rem* while he was incarcerated at BCDC, and the Albuquerque Journal published the Summons and Notice of Arrest and Suit Pending four times.  *See O'Brien v. R. J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)(holding that signed returns of service are "prima facie evidence of valid service" that can be overcome only by "strong and convincing evidence")(internal quotation marks omitted); *Mobern Elec. Corp. v. Walsh*, 197 F.R.D. 196, 198 (D.D.C. 2000)(holding that because defendant "provided no evidence to buttress his allegation that he was never served with process," he had "not rebutted plaintiff's evidence that process was served and this court cannot reverse the default judgment based on a conclusion that he was never served with process.").  Thus, Hahn's Rule 60(b)(4) motion to set aside the May 31, 2001 Final Judgment and Order of Forfeiture should be denied.

2. Claims Against Marc Robert, Hahn's Criminal Defense Attorney

Hahn further argues that Marc Robert (Robert) caused him to lose property through both administrative and judicial forfeiture proceedings by not contesting the forfeiture actions as Hahn requested and/or by not giving Hahn adequate notice of the forfeiture proceedings. It appears to the Court that Hahn is attempting to state a claim for legal malpractice against Robert. Because Robert is not named as a party and apparently has not been served with the motion for return of property, the Court has no personal jurisdiction over him. Hahn's claims against Robert will, therefore, be dismissed without prejudice for lack of personal jurisdiction.

3. Claims Against BCDC Officials[4]

Hahn also claims that BCDC Officials retaliated against him by denying him access to the courts. This alleged retaliation was in response to "Hahn's filing of an Albuquerque Police Department Report asserting that he was 'set up' by Correctional Officer Paul Gallegos and an unknown Control Room Officer when he was assaulted in 23-hour segregation by numerous inmates." Motion for Return of Property at 8. The retaliation consisted of "removing legal documents, writing instruments, paper, envelopes and other personal property from his cell in a number of 'retaliatory shakedowns' and interfer[ing] with the delivery of his legal and personal mail." *Id*. Hahn further complains that he was denied "meaningful and timely access to the Legal Resource Library at 'BCDC' ...." *Id*. at 9. The Court liberally reads this part of Hahn's motion as an attempt to allege 42 U.S.C. §1983 civil rights claims against the BCDC Officials.

Hahn also argues that the BCDC Officials denied him his due process right to protest the forfeiture proceedings by removing his writing instruments. In addition to affording adequate

---

[4] Hahn does not name the BCDC Officials to whom he refers.

5

notice of a pending forfeiture proceeding, due process requires that a claimant be given an opportunity to protest the pending forfeiture proceeding. *United States v. Deninno*, 103 F.3d 82, 85 (10th Cir. 1996)(quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  That opportunity to protest includes providing writing materials and postage to an imprisoned claimant when notified of a pending forfeiture proceeding. *Id*. However, the failure to provide a claimant-inmate with writing materials and postage to protest a pending forfeiture proceeding is relevant to showing a due process violation only if the claimant-inmate alleges that the failure to provide writing materials and postage prejudiced him. *Id*. Hahn states that he contacted Robert and instructed him to oppose the forfeiture proceedings. Hence, it seems that Hahn had an "opportunity" to protest the forfeiture proceedings even if Hahn did not have access to writing materials while incarcerated at BCDC. The fact that Robert allegedly failed to act on Hahn's request to protest the forfeiture proceedings may not be relevant to the issue of whether Hahn had an "opportunity" to protest the forfeiture proceedings.

In any event, Hahn did not name the BCDC Officials as parties and Hahn apparently did not serve the BCDC Officials with the motion for return of property. Consequently, the Court does not have personal jurisdiction over the BCDC Officials and any §1983 civil rights claims or other claims Hahn is attempting to assert against the BCDC Officials will be dismissed without prejudice.

  4.  Construing Hahn's Rule 41(g) Motion as an Independent Equitable Civil Action With Respect to the Administrative Forfeitures

Hahn's remaining claims concern non-contraband property which Hahn alleges the USA either seized and improperly forfeited in administrative proceedings or simply seized with no

subsequent administrative or judicial forfeiture.  Furthermore, Hahn alleges that if another law enforcement entity possesses or possessed this seized property, the USA is still liable for that property because the USA constructively possesses or possessed that property.  Before deciding if these remaining claims for non-contraband property have merit, the Court must first address the USA's arguments that 1) the Court does not have jurisdiction to hear Hahn's motion for return of property; 2) the statute of limitations bars Hahn's claims to administratively forfeited property; 3) the doctrine of laches bars Hahn's claims to administratively forfeited property; and 4) the USA is entitled to a judgment under the doctrine of recoupment.  Finally, the Court must decide whether it is proper to construe Hahn's Rule 41(g) motion for return of property as an independent equitable civil action.

      The USA argues that the Court lacks subject matter jurisdiction to hear a Rule 41(g) motion or its equivalent independent civil action because 18 U.S.C. §983(e) of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) provides the exclusive remedy for attacking administrative forfeitures.  CAFRA, however, does not apply to this case because it governs forfeiture proceedings commenced on or after August 23, 2000.  *See* Pub. L. No. 106-185 (HR 1658), §21 (April 25, 2000).  The administrative forfeiture proceedings in this case were commenced in the spring of 2000, well before August 23, 2000.  *See* March 1, 2000 letter by Bureau of Alcohol, Tobacco and Firearms (BATF) providing notice of administrative proceedings (Ex. A)(attached to motion for return of property); April 26, 2000 Drug Enforcement Administration (DEA) Notices of Seizure (Ex. B)(attached to motion for return of property).  CAFRA does not bar the Court from considering Hahn's motion for return of property.

The USA also argues that the five year statute of limitations found at 18 U.S.C. §983(e)(3) of CAFRA applies to "two vehicles forfeited administratively." Answer to Motion for Return of Property Filed on March 20, 2006 (Answer) (Doc. No. 30) at 5, filed June 2, 2006. This argument is faulty for two reasons. First, the USA does not specify the "two vehicles" to which it refers; and second, the USA cites to the wrong statute of limitations. Since CAFRA is inapplicable to this case, the correct statute of limitations is the six year statute of limitations found at 28 U.S.C. §2401(a). *See United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1210 (10th Cir. 2001)(Rule 41(g) motions are governed by §2401(a)).

The USA further raises, in a conclusory manner, both the equitable doctrine of laches as an affirmative defense to an independent equitable civil action and the doctrine of recoupment as a counterclaim to that action. Answer at 5. The USA presented no legal authority or facts in support of these doctrines. Hence, the Court may disregard the USA's attempt to rely on these doctrines. *See* D.N.M. LR-Cv 7.5(a)("A ... response ... must cite authority in support of the legal positions advanced."); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991)("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

Next, the Court must decide whether it is proper to construe Hahn's motion for return of administratively forfeited property as an independent equitable action. "[I]f there are no criminal proceedings pending against the defendant, and the defendant files a Fed. R. Crim. P. 41[(g)] motion for return of property seized in a prior *nonjudicial* forfeiture proceeding ..., the district court should construe the motion as an independent civil action based on equitable principles." *Madden*, 95 F.3d at 40. Under these circumstances, a federal court has federal question

jurisdiction under 28 U.S.C. §1331 "for the limited purpose of considering collateral due process attacks; that is, deciding whether the forfeiture offended due process rights." *Deninno*, 103 F.3d at 84. Following this case law, the Court will construe Hahn's motion for the return of administratively forfeited property as an independent equitable civil action.

   a. Hahn's Claims for Monetary Damages

As an initial matter, the USA argues that under a Rule 41(g) type independent civil action Hahn is barred by sovereign immunity from seeking monetary relief from the USA when the USA no longer possesses a seized item. *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005). In fact, the USA says that it either no longer possesses many of the seized items which Hahn seeks or that some of those items have been destroyed. Hahn responds that he can nonetheless sue the USA for monetary damages under the Federal Tort Claims Act (FTCA). The Tenth Circuit has not precluded the notion that other forms of relief may be available to a claimant even if relief is unavailable under Rule 41(g). *See id.* at 1120 n.7 ("Because Clymore seeks relief under Rule 41[(g)], we assert no opinion on whether other forms of relief are available to him."). Both the Second and Eighth Circuits allow courts to construe motions for return of property as claims under the FTCA for money damages. *See United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001); *Mora v. United States*, 955 F.2d 156, 160 (2nd Cir. 1992). Although this Court is inclined to construe Hahn's motion for return of property under the FTCA as the Second and Eighth Circuits permit, Hahn must first satisfy the FTCA's exhaustion of federal administrative remedies requirement in order for the Court to have jurisdiction over any FTCA claim. *Buhl v. United States*, 117 Fed. Appx. 39, 42 (10th Cir. 2004). Hahn has not indicated that he asked the federal agencies which possessed the seized items at issue to investigate and resolve his claims.

9

Consequently, there is no evidence that Hahn exhausted his federal administrative remedies. The Court will, therefore, dismiss any FTCA claims for monetary relief without prejudice for lack of jurisdiction.

>b. Administrative Forfeiture of 1998 Kawasaki Motorcycle and 1999 Yamaha Jet Ski and Trailer

Hahn argues that he did not receive adequate notice of the administrative forfeiture of a 1998 Kawasaki motorcycle and a 1999 Yamaha jet ski and trailer. However, Hahn submitted copies of two DEA Notices of Seizure, both dated April 26, 2000, stating that administrative forfeiture proceedings were underway to forfeit the 1998 Kawasaki motorcycle and the 1999 Yamaha jet ski and trailer. Ex. B at 16 and 17 (attached to motion for return of property). The Notices of Seizure also state that a claimant could contest the administrative forfeiture proceedings by petitioning the DEA for return of the property and/or contesting the seizure and forfeiture in court. *Id*. The DEA sent these Notices of Seizure to Hahn in care of Robert.

Due process only "requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United States v. Clark*, 84 F.3d 378, 380 (10th Cir. 1996). "[D]ue process does not require that the interested party actually receive the notice." *Id*. Simply sending a forfeiture notice to Hahn in care of Robert satisfies the due process notice requirement. *See, e.g., Nunley v. Department of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005). Moreover, Hahn admitted in his motion for return of property at 7 that he "became aware of the administrative forfeiture proceedings against his ... recreational vehicles after making repeated attempts to contact his attorney of record Marc Robert for a status report concerning his criminal cases."

Thus, Hahn had actual notice of the administrative forfeiture proceedings regarding the 1998 Kawasaki motorcycle and the 1999 Yamaha jet ski and trailer.[5] Hahn also alleges that he asked Robert to take action on the forfeiture proceedings, thereby indicating that Hahn was aware of the forfeiture and had an opportunity to object to the proceedings. Hahn's due process argument is without merit and his claim for return of the 1998 Kawasaki motorcycle and the 1999 Yamaha jet ski and trailer should be dismissed with prejudice.

### c. Administrative Forfeiture of Two 1999 Yamaha Motorcycles

Hahn also argues that he did not receive adequate notice of the administrative forfeiture of two 1999 Yamaha Motorcycles. The USA has not shown that it gave proper notice to Hahn of the administrative forfeiture of the 1999 Yamaha motorcycles. The USA returned both motorcycles to Household Finance although Hahn has the title to one of the motorcycles (DEA Ex. N-21). Government Exs. 3-5, 3-6, 3-7, 3-8, 3-9 (attached to Answer). Although Hahn may have a legitimate claim to the 1999 Yamaha motorcycles, Hahn cannot seek the return of the 1999 Yamaha motorcycles from the USA because the USA no longer possesses those motorcycles.[6] *See Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005). Under these circumstances, Hahn's claim against the USA for return of the 1999 Yamaha motorcycles should be dismissed

---

[5]The USA submitted a status inquiry print out which reports that on April 26, 2000 Hahn was notified at BCDC of the administrative forfeiture of the 1998 Kawasaki motorcycle and the 1999 Yamaha jet ski and trailer, and that there was a return receipt for the notification at BCDC, dated May 8, 2000. Government Exs. 2A and 2B (attached to Answer). Because this print out is not authenticated or sworn to, the Court does not consider it to be admissible evidence.

[6]The Court observes that in his motion for return of property Hahn did not make a claim against Household Finance for return of the 1999 Yamaha motorcycle as to which Hahn holds title and apparently Hahn did not serve a copy of his motion for return of property on Household Finance.

with prejudice.

                d. Administrative Forfeiture of Firearms and Related Property by BATF

In a letter dated March 1, 2000, the BATF informed Hahn of the commencement of administrative forfeiture proceedings against various firearms and other related items described in Hahn's Ex. A (attached to motion for return of property). Hahn indicates that he is not seeking the return of the firearms identified in Ex. A at 14. Hahn does not argue specifically why the other items listed in Ex. A at 14 should be returned to him. *See* Objections to the Government's Answer to Motion for the Return of Property Under Fed. R. Crim. P. 41(e); or Alternatively 28 U.S.C. §1331 (Objections) (Doc. No. 31) at 1-2, filed June 16, 2006. Because Hahn did not provide a factual basis for or legal authority supporting the return of the items, other than the firearms, listed in Ex. A, Hahn's claim against the USA for the return of those items should be dismissed with prejudice. *See* D.N.M. LR-Cv 7.5(a)("A motion ... must cite authority in support of the legal positions advanced."); *Bellmon*, 935 F.2d at 1110 (one cannot state a claim for relief based solely on unsupported conclusory allegations).

                e. Various Items of Property Listed in Hahn's Ex. C

Finally, Hahn argues that the USA seized certain property listed in Hahn's Ex. C (attached to motion for return of property) but either has not forfeited that property, or if the USA claims it forfeited that property, the USA did not properly identify that property in any of the forfeiture proceedings. Two of the items mentioned in Ex. C, a 1997 GMC Suburban SUV and a 2000 Chevy Quad-cab pickup truck, were released by the USA to lienholders. *See* Government Exs. 3, 3-2, 3-3, and 3-4 (attached to Answer). Since the USA no longer possesses these vehicles, Hahn has no cause of action against the USA for the return of those vehicles. Thus, Hahn's claims

against the USA for the return of the 1997 GMC Suburban SUV and a 2000 Chevy Quad-cab pickup truck will be dismissed with prejudice.

The other items in Ex. C at 20-26 are identified either by VIN number, serial number, description, item number, or "N" number. The USA generally refers to seized items by their "N" number in its documentation of the disposal of seized items. The Court cannot readily determine which "N" numbered items listed in the USA's exhibits correspond with the non-"N" numbered items in Hahn's Ex. C. Although it appears that Hahn's claims for the return of property shown

in Hahn's Ex. C should, for the most part, be denied[7], before making a ruling the Court will request the parties' help in clarifying the history and status for each item in Hahn's Ex. C other than the 1997 GMC Suburban SUV and the 2000 Chevy Quad-cab pickup truck.

C.  Conclusion

Although the Court concludes that most of Hahn's claims for return of property should be denied, at this point the Court cannot make a ruling on all of the property listed in Hahn's Ex. C due to the confusing manner in which the property has been labeled or described.  Hence, the

---

[7]The USA takes the position that several Ex. C items were either returned to their rightful owners, transferred to the BATF, or given to the Bernalillo County Sheriff's Office.  The USA further argues that it did not seize all of the property in Ex. C that Hahn seeks.

Hahn replied that he is not interested in the return of items which the USA said belongs to others or were transferred to the BATF.  *See* Government's Exs. 4 and 5; and Objections at 3. Hahn insists, however, that the USA is responsible for constructively possessing the items which the USA transferred to the Bernalillo County Sheriff's Office.  "[P]roperty seized and held by [non-federal] enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution. ... Absent such potential use, the United States has no interest in the property." *See United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006)(citing *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).  Any property held by the Bernalillo County Sheriff's Office is not for use in a federal prosecution against Hahn because Hahn has already been prosecuted and convicted in federal court.  Consequently, the USA does not have an interest in that property. Moreover, if Hahn has an adequate remedy in state court for the recovery of property in the possession of the Bernalillo County Sheriff's Office, Hahn is barred from Rule 41(g) type civil relief.  *Id*. at 1073 ("'Rule 41([g]) is an equitable remedy, ... available to [the movant] only if he can show irreparable harm and an inadequate remedy at law.'" (quoting *Clymore*, 164 F.3d at 571)).  Hahn's claim against the USA for the return of items transferred to the Bernalillo County Sheriff's Office probably should be dismissed with prejudice, once those items are properly identified.

As to property which the USA claims it did not seize, Hahn argues that the USA nonetheless has constructive possession of that property because non-federal law enforcement officers seized that property as evidence in the federal prosecution.  The USA did not specify the property it did not seize.  Even so, since the federal prosecution of Hahn has terminated, the USA cannot be found to have an interest in this property although it is or was actually possessed by another party.  Hahn's claim against the USA for any property it did not seize probably also should be dismissed with prejudice, one that non-seized property is properly identified.

Court will order the USA to file by November 1, 2006 a supplemental brief and additional evidence about the history and the current status of each item listed in Ex. C at 20-26, other than the 1997 GMC Suburban SUV and the 2000 Chevy Quad-cab pickup truck. Hahn will have an opportunity to respond by November 20, 2006 to the supplemental brief and any additional evidence produced by the USA.

IT IS ORDERED that:

1. Hahn's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(e); or Alternatively Title 28 U.S.C. Section 1331 (Doc. No. 26) is denied in part in that:

    a. Hahn's Rule 60(b)(4) motion to set aside the May 31, 2001 Final Judgment and Order of Forfeiture is denied;

    b. the following claims will be dismissed without prejudice:

        (1) Hahn's legal malpractice claims against Marc Robert;

        (2) Hahn's claims against BCDC Officials; and

        (3) Hahn's FTCA claims for money damages; and

    c. the following claims will be dismissed with prejudice:

        (1) Hahn's claim against the USA for return of the 1998 Kawasaki motorcycle;

        (2) Hahn's claim against the USA for return of the 1999 Yamaha jet ski and trailer;

        (3) Hahn's claim against the USA for the return of the two 1999 Yamaha motorcycles;

        (4) Hahn's claim against the USA for the return of items, other than

firearms, listed in Ex. A (attached to motion for return of property);

(5) Hahn's claim against the USA for return of the 1997 GMC Surburban SUV; and

(6) Hahn's claim against the USA for return of the 2000 Chevy Quad-cab pickup truck.

2. the USA must file by November 1, 2006 a supplemental brief and additional evidence regarding the history and current status of each item listed in Ex. C at 20-26 (other than the 1997 GMC Surburban SUV and the 2000 Chevy Quad-cab pickup truck); and

3. Hahn may file a response brief, if he so desires, by November 20, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE