IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                 Civ. No. 00-563 JP/KBM

PARCEL OF REAL ESTATE LOCATED
AT 62 VALLE HERMOSA ROAD, SANDIA
PARK, NM, ET AL.,

    *Defendant,*

    and

MARCUS HAHN,

    *Claimant.*

<u>MEMORANDUM OPINION AND ORDER</u>

On March 20, 2006, Claimant Marcus Hahn (Hahn) filed a Motion for Return of Property

Pursuant to Federal Rule of Criminal Procedure 41(e); or Alternatively Title 28 U.S.C. Section

1331 (Doc. No. 26). On October 20, 2006, the Court dismissed most of Hahn's claims for return

of property and ordered the Plaintiff (USA) to file "by November 1, 2006 a supplemental brief

and additional evidence regarding the history and current status of each item listed in Ex. C at 20-

26 (other than the 1997 GMC Suburban SUV and the 2000 Chevy Quad-cab pickup truck)."[1]

Memorandum Opinion and Order (Doc. No. 32) at 16.  The Court also allowed Hahn an

opportunity to file a response brief by November 20, 2006.  *Id*.  The USA did, in fact, file the

---

[1]Exhibit C is attached to Hahn's motion for return of property.  Moreover, the Court
dismissed with prejudice Hahn's claims for the return of the1997 GMC Suburban SUV and the
2000 Chevy Quad-cab pickup truck. Order Dismissing Several Claims Raised in Motion for
Return of Property (Doc. No. 33), filed Oct. 20, 2006.

United States' Supplemental Brief (Doc. No. 34) on November 1, 2006.  On November 27, 2006, Hahn filed Claimant's Supplemental Brief (Doc. No. 35) in which he also requested that the Court reverse its previous finding that Hahn received notice of the judicial forfeiture action filed against his residence.[2]  Then, on May 3, 2007, the Court ordered the USA to file a reply brief by May 25, 2007 to address "issues raised by Claimant Hahn including the issue regarding items 3, 4, 5, and 6 of page 20 of Exhibit C (based on Claimant Hahn's contention that seizure numbers are shown on copies of documents) and the issue regarding the number of firearms seized from Claimant Hahn's home."  Order (Doc. No. 36) at 2.  The USA timely filed its reply brief on May 25, 2007, Doc. No. 39.

Having reviewed the supplemental briefs and the USA's reply brief, the Court concludes that Hahn's claims for the return of items listed in Ex. C at 20-26 (other than the 1997 GMC Suburban SUV and the 2000 Chevy Quad-cab pickup truck) should be dismissed with prejudice, and that Hahn's request to reverse the Court's previous finding that he received notice of the judicial forfeiture action filed against his residence should be denied.

In addressing the history and current status of the items at issue in Ex. C at 20-26, the USA has provided admissible evidence that 1) the Federal Bureau of Investigation (FBI) destroyed VHS tapes; 2) non-drug evidence held by federal agencies were returned to the Bernalillo County Sheriff's Office (BCSO) in 2000 and 2002; 3) the Drug Enforcement Administration (DEA) destroyed illegal drugs; 4) the Bureau of Alcohol, Tobacco and Firearms (ATF) administratively forfeited 24 firearms and ammunition; and 5) ATF returned four rifles to

---

[2]In view of Hahn's *pro se* status, the Court will nonetheless consider Hahn's untimely supplemental brief.

the BCSO in November 2002.  The USA also indicates that there is no record of a seizure by any federal agency of item 3 (a 1981 Honda XL500 Enduro motorcycle), item 4 (a certificate of title for a 1979 Ford F-250 pickup truck), item 5 (a certificate of title for a 1972 Mercedes Benz), and item 6 (a Honda EM 5000 SX portable generator) listed in Ex. C at 20.  Finally, the USA has provided admissible evidence that the BCSO initially maintained the rest of the items at issue and that no federal agency ever possessed those items.  In sum, the USA argues that Hahn's claims for the return of the items listed in Ex. C at 20-26 (other than the 1997 GMC Suburban SUV and the 2000 Chevy Quad-cab pickup truck) should be dismissed with prejudice, because it is not in possession of the items at issue in Ex. C at 20-26, it did not maintain the bulk of the property in the first instance, and it no longer has a prosecutorial interest in the property transferred to the BCSO.

Hahn again argues that the USA has constructive federal possession of the property returned to the BCSO.  In its October 20, 2006 Memorandum Opinion and Order at 14 n.7, the Court rejected Hahn's constructive federal possession argument and concluded that "Hahn's claim against the USA for the return of items transferred to the Bernalillo County Sheriff's Office probably should be dismissed with prejudice, once those items are properly identified."  The USA has now properly identified the items at issue which were returned to the BCSO, and the Court continues to adhere to its conclusion that constructive federal possession does not apply in this situation.  Consequently, the Court will dismiss with prejudice Hahn's remaining claims against the USA for the return of those items which were transferred to the BCSO.

Next, Hahn claims that items 3, 4, 5, and 6 listed in Ex. C at 20 were or are in the DEA's possession as demonstrated by seizure numbers appearing on copies of documents related to

3

those items.  The copies of those documents and their corresponding number labels are as

follows:  1) a California certificate of title for the 1981 Honda Enduro motorcycle labeled "F.

Items Obtained in SW's 279;" 2) a New Mexico certificate of title for the 1979 Ford F-250

pickup truck labeled "F. Items obtained in SW's 282;" 3) a New Mexico certificate of title for the

1972 Mercedes Benz labeled "F. Items obtained in SW's 280;" and 4) a photograph of a Honda

EM 5000 SX portable generator labeled "F. Items obtained in SW's N-4 514."  Ex. F (attached to

Hahn's supplemental brief).

　　　　DEA Special Agent Robert Eller clarified in his 28 U.S.C. §1746 Declaration of Special

Agent Robert Eller (Doc. No. 40)(Special Agent Eller's Second Declaration) at ¶12, filed May

25, 2007, that except for the N-4 number attached to the photograph of a Honda EM 5000 SX

portable generator, the SW numbers attached to the copied documents submitted by Hahn do not

correspond with seizure numbers used by DEA.[3]  Special Agent Eller also indicated that he could

not locate a DEA Standard Seizure Form (SSF) for the 1981 Honda Enduro motorcycle or for the

Honda EM 5000 SX portable generator.  *Id*. at ¶¶ 4 and 5.  The DEA fills out an SSF once an

item has been seized.  Moreover, DEA Ex. N-4 did not include a Honda EM 5000 SX portable

generator although Hahn argues that the copy of a photograph of a Honda EM 5000 SX portable

generator bearing an "N-4" on it demonstrates that the actual portable generator was seized.

Government Ex. 10 (attached to Special Agent Eller's Second Declaration).  Instead, DEA Ex.

N-4 included only "several photos, documents, tapes, magazines, and an electric organizer...."  *Id*.

Special Agent Eller admits that "[i]t is possible that the two vehicle titles, as well as a photograph

---

[3]The USA suggests that those SW numbers might have been used for discovery purposes
in the underlying criminal proceedings.

of the generator, were part of Exhibit N-4," but he "cannot ascertain the specific documents and photographs that comprised N-4."  Special Agent Eller's Second Declaration at ¶11. Nonetheless, all of the evidence listed in DEA Ex. N-4 was transferred to the BCSO on September 5, 2002.  *Id.* at ¶8.  The Court finds that the USA has presented sufficient uncontradicted evidence that it did not seize or possess a 1981 Honda Enduro motorcycle or a Honda EM 5000 SX portable generator, and that if the USA had seized the two vehicle titles, it no longer possesses those titles because they were transferred to the BCSO.  As indicated above, claims for the return of items transferred to the BCSO will be dismissed with prejudice.

Hahn also disputes the USA's statement in the United States' Supplemental Brief at 3 that "[t]he ATF administratively forfeited twenty-four firearms and ammunition referenced in Exhibit C and returned four rifles to the BCSO in November 2002."  Hahn notes that the BCSO Property Inventory Form and the Grand Jury testimony show that only 21 firearms were seized while the ATF listed only seventeen firearms in their notice of administrative forfeiture.  Hahn, however, did not take into account the USA's reference in its statement to ammunition which is counted separately from the firearms seized.  Having reviewed the evidence presented by the USA, it is clear that a total of 21 firearms were seized, as Hahn claims, and that the ATF administratively forfeited 17 of the firearms and returned four rifles to the BCSO.  Hahn's claim for the return of these firearms and rifles is without merit and therefore subject to dismissal with prejudice.

Finally, Hahn maintains that "to the best of his memory and knowledge" the United States Marshal did not personally serve him on May 4, 2000 with notice of the judicial forfeiture action filed against his residence.  The Court notes that the judicial forfeiture of Hahn's residence is not the subject of the supplemental briefing which is now before the Court.  Moreover, the Court has

already addressed the issue of notice of the judicial forfeiture action by finding that Hahn received notice of the judicial forfeiture action as shown by the United States Marshal's signed and dated return of service of process and the four publications of notice in the Albuquerque Journal.[4]  *See* Memorandum Opinion and Order at 4 (Doc. No. 32).  Even so, lack of memory does not constitute "strong and convincing evidence" sufficient to overcome the *prima facie* evidence of valid service of process reflected in the fact that the United States Marshal signed a return of service of process.  *See O'Brien v. R. J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).  Hence, the Court will not reverse its previous finding that Hahn received notice of the judicial forfeiture action filed against his residence.

IT IS ORDERED that:

1.  Hahn's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(e); or Alternatively Title 28 U.S.C. Section 1331 (Doc. No. 26) is now entirely denied in that Hahn's remaining claims for the return of items listed in Ex. C at 20-26 will be dismissed with prejudice; and

2.  the Court denies Hahn's request that the Court reverse its previous finding that Hahn received notice of the judicial forfeiture action filed against his residence.

_____

SENIOR UNITED STATES DISTRICT JUDGE

---

[4]Interestingly, Hahn does not mention the four publications of notice in the Albuquerque Journal.

6