IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.                                                      Civ. No. 00-563 JP/KBM

PARCEL OF REAL ESTATE LOCATED
AT 62 VALLE HERMOSA ROAD, SANDIA
PARK, NM, ET AL.,

    *Defendant*,

    and

MARCUS HAHN,

    *Claimant*.

## MEMORANDUM OPINION AND ORDER

On May 22, 2007, *pro se* Claimant Marcus Hahn (Hahn) filed a Consolidated Motion to Supplement the Pleadings and Record Pursuant to Fed. R. Civ. P. 15(c), (d) and Request for a Declaratory Judgment Under Fed. R. Civ. P. 57 (Doc. No. 38) (Consolidated Motion).  Having reviewed the briefs and the relevant law, the Court concludes that the Consolidated Motion should be denied.

A.  Background

On March 20, 2006, Hahn filed a Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(e); or Alternatively Title 28 U.S.C. Section 1331 (Doc. No. 26) (Motion for Return of Property) in which he sought from the Plaintiff (USA) the return of various seized properties including a 1999 Yamaha YZ400F motorcycle, Vin No. JYACH03C4XA003849 (the 1999 Yamaha motorcycle).  At the time Hahn filed his Motion for

Return of Property, the USA no longer possessed the 1999 Yamaha motorcycle. The USA had previously given the 1999 Yamaha motorcycle in April 2000 to the bank which the USA believed held a lien on the motorcycle.[1] Hahn, however, presented evidence that he had clear title to the 1999 Yamaha motorcycle prior to the transfer of the motorcycle from the USA to the bank. New Mexico Certificate of Title, Ex. E (attached to Objections to the Government's Answer to Motion for the Return of Property Under Fed. R. Crim. P. 41(e); or Alternatively 28 U.S.C. §1331 (Doc. No. 31), filed June 16, 2006). In ruling on Hahn's Motion for Return of Property, the Court dismissed with prejudice Hahn's claim for the return of the 1999 Yamaha motorcycle because the USA no longer possessed that motorcycle. Memorandum Opinion and Order (Doc. No. 32) at 11, filed Oct. 20, 2006. The Court also observed that Hahn had not made a claim against the bank for return of the 1999 Yamaha motorcycle and apparently had not served a copy of his Motion for Return of Property on the bank. *Id*. at n.6.

Plaintiff now seeks the Court's permission to supplement the record in this case with evidence of his recent attempts beginning in July 2006 to notify the bank that its acquisition of the 1999 Yamaha motorcycle was unlawful. Hahn also requests that the Court enter a declaratory judgment declaring that the USA's transfer of the 1999 Yamaha motorcycle to the bank was null and void. Hahn further requests that the Court order the bank to either file a responsive pleading, relinquish the 1999 Yamaha motorcycle to him, or pay him the monetary value of the motorcycle. Additionally, Hahn requests that the Court enter Findings of Fact and

---

[1] In the various pleadings and exhibits, the financial institution which received the 1999 Yamaha motorcycle has been referred to as either Household Finance, Household Bank, Wells Fargo, or First Security Bank. Since there is confusion in the record as to which financial institution ultimately possessed the 1999 Yamaha motorcycle, the Court will simply refer to "the bank" to designate that financial institution.

Conclusions of Law regarding the USA's constructive possession of 1) Hahn's Sony computer system, 2) certificates of title listed in Exhibit F of Claimant's Supplemental Brief (Doc. No. 35), and 3) four firearms not forfeited by the USA as listed in Exhibit C of Hahn's Motion for Return of Property.  Moreover, Hahn requests that the Court enter Findings of Fact and Conclusions of Law regarding the precise number of firearms seized from Hahn's residence and the precise number of firearms administratively forfeited by the Bureau of Alcohol, Tobacco, and Firearms (ATF).

B.  Discussion

    1.  Rule 15(c)

Hahn bases his Consolidated Motion, in part, on Rule 15(c).  Rule 15(c) discusses the relation back of amendments to pleadings.  Application of Rule 15(c) only makes sense, however, if Hahn had moved to amend a pleading under Fed. R. Civ. P. 15(a).  Although Hahn does not specifically request to amend a pleading, the liberal standard by which courts must judge *pro se* pleadings requires construing his Consolidated Motion as a request under Rule 15(a) to amend his Motion for Return of Property.  *See Ledbetter v. City of Topeka*, *Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003)(construing *pro se* pleadings liberally)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Although courts generally adhere to a liberal amendment policy, certain circumstances warrant limiting a party's amendment efforts.  Specifically, after a court enters a final judgment or order of dismissal, amendments are generally not permissible unless the judgment or order of dismissal has been set aside or vacated under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b).  *See Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)(citations omitted).  In this

case, the Court has dismissed all of Hahn's claims for return of property. Order Dismissing Remaining Claims Raised in Motion for Return of Property (Doc. No. 44), filed June 6, 2007; Order Dismissing Several Claims Raised in Motion for Return of Property (Doc. No. 33), filed Oct. 20, 2006. The orders of dismissal have not been set aside or vacated. Consequently, Hahn cannot now amend his Motion for Return of Property under Rule 15(a). Since Hahn cannot amend his Motion for Return of Property, Rule 15(c) is inapplicable.

    2. Rule 15(d)

Hahn also bases his Consolidated Motion on Rule 15(d) which concerns the permissive filing of supplemental pleadings. Even though Hahn does not specifically request permission to file a supplemental pleading, the Court will, nonetheless, construe the Consolidated Motion as a motion for permission to serve and file a supplemental pleading. Rule 15(d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms that are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The court has broad discretion in deciding whether to grant leave to supplement a pleading. *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989). "Leave to supplement a [pleading] should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Id*. Also, courts are generally reluctant to grant leave to supplement a pleading when granting such leave would have the effect of reopening the litigation or initiating a new and distinct cause of action. *See* 6A Wright, Miller, & Kane, *Federal Practice and Procedure*: *Civil 2d* § 1510 at 210 (1990); *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402-403 (9th Cir. 1997). Moreover, a Rule 15(d) motion to permit a supplemental pleading is typically inappropriate after the original case has been finally adjudicated. *Neely*, 130 F.3d at

4


403.

    Hahn's request to file a supplemental pleading fails on several grounds.  First, allowing Hahn to supplement the Motion for Return of Property would reopen litigation on the claim for return of the 1999 Yamaha motorcycle.  Second, permitting a supplemental pleading with respect to the 1999 Yamaha motorcycle would unduly prejudice the USA since the USA no longer possesses the motorcycle.  Third, the information with which Hahn seeks to supplement his Motion for Return of Property forms the basis for a new and distinct lawsuit against the bank which is not a party to this lawsuit.  *See* Exhibits (attached to Consolidated Motion).  Finally, the Court has already dismissed Hahn's claims, thereby making a Rule 15(d) motion inappropriate at this time.  In sum, Hahn's request to supplement the pleadings under Rule 15(d) is without merit and the Court will, therefore, deny that Rule 15(d) request.

    3.  Hahn's Request for Declaratory Judgment

    Hahn also requests that the Court enter a declaratory judgment declaring that the transfer of the 1999 Yamaha motorcycle from the USA to the bank was null and void.  The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  To satisfy the actual controversy requirement of the Declaratory Judgment Act, the party seeking relief must establish that the dispute is "'definite and concrete, touching the legal relations of parties having adverse legal interests.'"  *MedImmune, Inc. v. Genentech, Inc.*, ___ U.S. ___, 127 S.Ct. 764, 771 (2007)(quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  Furthermore, all interested parties should be joined in the declaratory action when possible.  *State Farm Mutual Auto Insurance Co.*

*v. Mid-Continental Casualty Co.*, 518 F.2d 292, 296 (10th Cir. 1975).

Here, Hahn has failed to satisfy the basic requirements necessary for the Court to enter a declaratory judgment.  First, Hahn's request for declaratory judgment only pertains to the legal relations between the USA and the bank.  The request for declaratory judgment does not involve Hahn as a party because the request for declaratory judgment simply addresses the lawfulness of the transfer of the 1999 Yamaha motorcycle from the USA and to the bank.  At this point, Hahn's only legal claim is against the bank for its allegedly unlawful possession of the 1999 Yamaha motorcycle.  Second, since the USA willingly transferred the 1999 Yamaha motorcycle to the bank, it appears that the USA and the bank do not have legal interests adverse to each other.  Entering a declaratory judgment would be improper under these circumstances.

Even if a liberal construction of Hahn's request for declaratory judgment included Hahn as a party in order to determine the rights and obligations of either the USA or the bank with respect to Hahn, Hahn has not sufficiently established the type of adversarial relationship necessary for the Court to enter a declaratory judgment.  It is clear that the USA does not have a legal interest adverse to Hahn since the USA no longer has a property interest in the 1999 Yamaha motorcycle.  Furthermore, because of the confusion as to which bank last possessed the 1999 Yamaha motorcycle, Hahn has not established a "definite and concrete" dispute. In addition, even if Hahn could identify the bank having last possessed the 1999 Yamaha motorcycle, Hahn has not joined that bank in these proceedings.  Also, if the Court declared the transfer of the 1999 Yamaha motorcycle from the USA to the bank invalid, a controversy would still very likely remain over whether Hahn held valid title to the 1999 Yamaha motorcycle or whether a separate lienholder held a superior interest.  A request for a declaratory judgment under these circumstances is simply not appropriate.

### 4.  Hahn's Request for Relief Against the Bank

Hahn further moves the Court to order the bank to either plead a response to the requested declaratory judgment, return the 1999 Yamaha motorcycle to him, or pay him the monetary value of the motorcycle.  However, as discussed above, the bank is not a party to this lawsuit and therefore any action by the Court relating to the bank raises an issue of personal jurisdiction.  In order for a federal court to exercise jurisdiction over a matter, it must have both personal jurisdiction over the parties involved and subject matter jurisdiction over the claim in the lawsuit.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  For a federal court to acquire personal jurisdiction over a defendant, the adverse party must satisfy the procedural requirement of service of a summons.  *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  In that vein, "[t]here must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum" to warrant the exercise of personal jurisdiction.  *Id.*  When, as here, the bank apparently is a corporation, Fed. R. Civ. P. 4(h) requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant...."

Despite his mailing letters to the various banks seeking the return of the 1999 Yamaha motorcycle or payment of its monetary value, Hahn has not properly served any of those banks with a summons and copy of the Motion for Return of Property.  Each of the letters only warns of future legal action if the bank to whom the letter was sent does not comply with Hahn's request to return the 1999 Yamaha motorcycle or pay its monetary value.  *See* Exhibits (attached to Consolidated Motion).  In addition, although Hahn stated in his letters that he enclosed

7

"relevant portions of the record," neither his Consolidated Motion nor any of the letters provides any indication of what documents he actually sent to the banks. *See id*. Regardless, nothing in the record suggests that Hahn ever served any bank with a summons and copy of the Motion for Return of Property. Thus, none of the banks has received the kind of notice of potential legal action required by Rule 4(h). Therefore, in accordance with the Federal Rules of Civil Procedure and well-settled precedent, the Court cannot exercise personal jurisdiction over any of the banks identified by Hahn in his letters.[2] As a result of the lack of personal jurisdiction, the Court cannot compel a responsive pleading from any of the banks nor can the Court order any of the banks to relinquish the 1999 Yamaha motorcycle to Hahn or to pay Hahn the monetary value of the motorcycle.

### 5. Hahn's Request for Findings of Fact and Conclusions of Law

Additionally, Hahn moves the Court to enter Findings of Fact and Conclusions of Law with respect to five issues: 1) the USA's constructive possession of a Sony computer system, 2) the USA's constructive possession of certificates of title as listed in Exhibit F of Hahn's Supplemental Brief, 3) the USA's constructive possession of four firearms not forfeited by the USA as listed in Exhibit C of Hahn's Motion for Return of Property, 4) the precise number of firearms seized from Hahn's residence, and 5) and the precise number of firearms administratively forfeited by ATF. The Court has already rejected Hahn's theory that the USA constructively possessed the property that the USA seized and subsequently turned over to the Bernalillo County Sheriff's Department. *See* Memorandum Opinion and Order (Doc. No. 43) at 3, filed June 7, 2007; Memorandum Opinion and Order (Doc. No. 32) at 14 n.7, filed Oct. 20,

---

[2]If eventually Hahn is able to ascertain which bank received the 1999 Yamaha motorcycle, Hahn could consider filing a new lawsuit against that bank in the proper venue.

2006.  Therefore, Hahn's present request for Findings of Fact and Conclusions of Law concerning the USA's alleged constructive possession of the aforementioned property is both moot and without merit.  Moreover, the Court has already determined that the USA seized 21 firearms from Hahn's residence and that ATF forfeited 17 firearms.  *See* Memorandum Opinion and Order (Doc. No. 43) at 5, filed June 7, 2007.  Thus, Hahn's present request for the Court to determine the number of firearms seized and forfeited is also moot and without merit.

   The Court further notes that under Fed. R. Civ. P. 52, the Court is not required to enter Findings of Fact and Conclusions of Law on "decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule."  Subdivision (c) pertains to partial findings during a bench trial and is thus not relevant to this case.  For all these reasons, the Court will deny Hahn's request to enter Findings of Fact and Conclusions of Law.

   IT IS ORDERED that Hahn's Consolidated Motion to Supplement the Pleadings and Record Pursuant to Fed. R. Civ. P. 15(c), (d) and Request for a Declaratory Judgment Under Fed. R. Civ. P. 57 (Doc. No. 38), filed May 22, 2007, is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE